# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT M. WILLIAMS, and all others similarly situated, | Civil No. 02cv2003 IEG (AJB) |
| Plaintiff, | **ORDER:** |
| | **(1) PRELIMINARILY CERTIFYING CLASS FOR SETTLEMENT PURPOSES;** |
| v. | |
| | **(2) GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT;** |
| COSTCO WHOLESALE CORPORATION, et al. | **(3) APPOINTING CLASS COUNSEL;** |
| Defendants. | **(4) APPROVING CLASS NOTICE; and** |
| | **(5) SETTING A FINAL APPROVAL HEARING** |

Currently before the Court is Plaintiff Scott M. Williams' ("Williams") Motion for Preliminary Approval of Class Action Settlement, filed on February 9, 2010. [Doc. No. 66.] For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

//

//

*Background*

**I. Procedural Background**

Plaintiff filed suit on July 17, 2002 in San Diego County Superior Court alleging violations of California and federal overtime laws by Defendant Costco Wholesale Corporation ("Costco"). Plaintiff alleged that Costco misclassified him, and others similarly situated, as exempt from overtime pay and failed to pay appropriate overtime in violation of the Fair Labor Standards Act ("FLSA"), California Labor Code § 510, and California Code of Regulations § 11070. Plaintiff also alleged that Costco "is an employer engaged in commerce and subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq." (Compl. ¶ 6.)

On October 9, 2002, Costco timely removed the case to this Court on federal question jurisdiction based upon the FLSA claim. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. On January 8, 2003 Plaintiff filed a First Amended Complaint ("FAC") in which he eliminated any claims under FLSA, effectively terminating any federal claim presented in the Complaint. [Doc. No. 12.] On January 30, 2003, Plaintiff filed a motion to remand the case to state court. [Doc. No. 15.] This Court granted Plaintiff's motion to remand on June 10, 2003. [Doc. No. 22.] Costco filed a Notice of Appeal as to that decision on June 20, 2003. [Doc. No. 24.] The Court thereafter stayed the proceedings pending the appeal. [Doc. No. 41.]

On February 20, 2007, the 9th Circuit entered judgment reversing this Court's order granting the motion to remand. [Doc. No. 47.] However, the Court stayed the proceedings once again on the joint stipulation of the parties, due to a pending California state court action, *Randall v. Costco Wholesale Corp.*, No. BC 296369 (Cal. Super. Ct. L.A. County, filed May 27, 2003) ("Randall Action"), which asserted certain overlapping claims with the present action. [Doc. No. 54.] The Court lifted the stay on September 11, 2009, upon receiving notice that the state court had approved settlement of the Randall Action, effectively resolving the overlapping claims. [Doc. No. 59.] Plaintiff Williams also filed a Notice of Settlement on September 11,

//
//
//

2009, [doc. no. 60], and filed the present Motion for Preliminary Approval of Class Action Settlement on February 9, 2010. [Doc. No. 66.]¹ Defendant has not opposed the Motion.

**II. The Proposed Settlement**

Pursuant to the proposed settlement, the class members include any person employed by Costco between July 17, 1998 and May 26, 1999 (the "Settlement Period") in California as a department manager in the bakery, deli, and meat departments. (Settlement Agreement and Release, Ex. 1 at 3 [hereinafter Settl. Agr.].) Costco has agreed to pay an aggregate sum of $440,000 (the "Gross Settlement Amount"), which includes all payments to class members, the payment of a service fee to the named plaintiff, attorneys' fees, all employer taxes except for the 6.2 percent Social Security tax, and administration costs, if any, up to $25,000. (Sett. Agr. at 5.) The Gross Settlement Amount is non-reversionary, except that Costco may retain funds based on uncashed checks. (*Id.*) The funds will be distributed to individual class members on a pro rata basis based on the number of weeks during the Settlement Period in which the class member had an active pay code ("Workweeks") and the last effective pay rate during the Settlement Period. (*Id.* at 4, 7.)

Costco has agreed not to oppose Class Counsel's request for an award of costs and attorneys' fees not to exceed $110,000 of the Gross Settlement Amount and a service fee for Plaintiff Scott Williams up to $5,000. (*Id.* at 10-11.) Costco has also agreed to exercise reasonable means to locate class members. (*Id.* at 9.) Within thirty days of the Court's preliminary approval of the settlement, the claims administrator will send class members notice of the settlement and an opportunity to opt out of the settlement class. (*Id.*) Settlement class members may opt out of the settlement within thirty days of the notice mailing; any class member who does not timely serve an objection within this time period shall be deemed to waive any objection to the settlement. (*Id.* at 9-10.)

In exchange for these awards, each final settlement class member will release Costco and its associates from all claims arising out of the facts alleged in this action relating to unpaid

---

¹This case was transferred from the calendar of Judge Napoleon A. Jones, Jr. to the calendar of Chief Judge Irma E. Gonzalez for all further proceedings on December 7, 2009. [Doc. No. 61.]

overtime wages, unlawful deductions, conversion, wage-statement violations, record-keeping violations, and "waiting time" penalties or other statutory penalties relating to the class member's work as a meat, bakery, or deli manager during the Settlement Period.  (*Id.* at 11-12.)

*Discussion*

When the parties reach a settlement agreement prior to class certification, the court is under an obligation to "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Thus, the court must first assess whether a class exists, and second, determine whether the proposed settlement is "'fundamentally fair, adequate, and reasonable.'" *Id.* (citations omitted). Accordingly, in the present case, the Court will first examine the propriety of class certification, followed by the fairness of the settlement agreement, and will then address the questions of class counsel and class notice.

**I.    Class Certification**

A plaintiff seeking a Rule 23(b)(3) class certification must first satisfy the prerequisites of Rule 23(a). Once subsection (a) is satisfied, the purported class must then fulfill the requirements of Rule 23(b)(3).  In the present case, Plaintiff seeks to certify the following class: "a person Costco has employed during the Settlement Period in California as a department manager in any of the following ancillary businesses: Bakery, Deli, and Meat." (Settl. Agr. at 3.)  The Settlement Period is the period from July 17, 1998 through May 26, 1999.  (*Id.*)

A.    Rule 23(a) requirements

Rule 23(a) establishes four prerequisites for class action litigation, which are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. FED. R. CIV. P. 23(a); *see also Staton*, 327 F.3d at 953. The Court will examine each of these requirements in turn.

*1.    Numerosity*

The numerosity prerequisite is met if "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "'[I]mpracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class."

*Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citing *Advertising Specialty Nat. Ass'n v. FTC*, 238 F.2d 108, 119 (1st Cir. 1956). In the present case, it is estimated that there are over 400 meat, bakery, and deli managers who were employed by Costco during the Settlement Period. (FAC ¶ 10(a).) The numerosity requirement does not impose a minimum numerical cut-off for class members. *General Tel. Co. v. EEOC*, 446 U.S. 318, 331 (1980). However, case law indicates that a class of 400 would satisfy the numerosity requirement based on the number of ascertained class members. *See, e.g.*, *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319-20 (9th Cir. 1982) (finding numerosity requirement satisfied by classes of 39, 64, and 71 members). The class members in this case are too numerous to be joined as plaintiffs in this lawsuit. Accordingly, the numerosity requirement is met.

### 2. *Commonality*

The commonality requirement is met if "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The commonality requirement is construed "permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). All questions of fact and law need not be common, but rather "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* In the present case, both the named plaintiff and the purported class members seek the same remedies for Defendant's alleged misclassification of salaried employees designated as managers in Costco's deli, bakery, and meat departments. (Settl. Agr. at 5.) Accordingly, the commonality requirement is met.

### 3. *Typicality*

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The representative claims are "typical" if they are "reasonably co-extensive with those of absent class members," though they "need not be substantially identical." *Hanlon*, 150 F.3d at 1020. In the present case, it is alleged that Costco's practices applied to all salaried employees designated at managers in Costco's deli, bakery, and meat departments, including the named plaintiff. (FAC ¶ 10(c).) Accordingly, the typicality requirement is met in this case.

*4. Adequacy of representation*

Finally, Rule 23(a) also requires that the representative parties be able to "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The Ninth Circuit finds representation adequate if the plaintiffs: (1) "do not have conflicts of interest with the proposed class" and (2) are "represented by qualified and competent counsel." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1185 (9th Cir. 2007). At the heart of this requirement is the "concern over settlement allocation decisions." *Hanlon*, 150 F.3d at 1020.

In the present case, there appear to be no allocation issues, and Plaintiff's counsel is qualified and competent. First, the allocation is reasonable because the distribution to the class is based on the class members' Weighted Workweek Value, the net settlement amount divided by the product of (a) the total number of Workweeks and (b) the average weighted last effective pay rate. (*See* Settl. Agr. at 7.) Although Plaintiff Williams seeks a $5,000 service fee for himself which is not available to other class members, the fee appears to be reasonable in light of Plaintiff Williams' efforts on behalf of the class members. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (approving $5,000 incentive awards to each of two class representatives). Second, Plaintiff's counsel has extensive experience, having represented plaintiffs and defendants in litigation matters since 1993, including previous participation in complex class actions and employment litigation. (*See* Coughlin Decl. ¶¶ 40-42.) Accordingly, the adequacy of representation requirement is met in this case.

For the foregoing reasons, Plaintiff has satisfied the prerequisites of Rule 23(a).

B. Rule 23(b)(3) requirements

In the present case, Plaintiff proposes certification pursuant to Rule 23(b)(3). (*See* Pl. Mem. of P. & A., at 5.) Rule 23(b)(3) requires the court to find that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." These requirements can be labeled the "predominance" and "superiority" requirements.

//

### *1. Predominance*

The predominance inquiry tests "'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Hanlon*, 150 F.3d at 1022 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). This analysis requires more than proof of common issues of law or fact. *Id.* Rather, the common questions must "'present a significant aspect of the case [that] they can be resolved for all members of the class in a single adjudication.'" *Id.* (citation omitted).

"When the claim is that an employer's policy and practices violated labor law, the key question for class certification is whether there is a consistent employer practice that could be a basis for consistent liability." *Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 399 (C.D. Cal. 2008). Class certification is usually appropriate where "liability turns on an employer's uniform policy that is uniformly implemented, since in that situation predominance is easily established." *Id.* In similar cases, common claims were found to predominate where a company-wide policy governed how employees spent their time and/or how they were paid. *See, e.g., Wright v. Linkus Enterprises, Inc.*, 259 F.R.D. 468, 473 (E.D. Cal. 2009) (finding predominance, despite minor factual difference between individual class members, where the case involved "alleged policies that required class members to work without compensation, meal and rest periods, and/or reimbursement for expenses"); *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1065-68 (N.D. Cal. 2007) (finding predominance where, as a general matter, the defendant's policy and practice regarding compensation and exemption was uniform for all putative class members).

In the present case, the alleged claims stem from Defendant's uniform treatment of the putative class members employed as managers in Costco's deli, bakery, and meat departments. Specifically, Costco's alleged misclassification practices or policies applied to all salaried employees designated as managers in the specified departments. (FAC ¶ 10(c).) Accordingly, because the class members were subject to these uniform policies, the predominance requirement is met in this case.

//

*2. Superiority*

The superiority inquiry requires determination of "whether objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023 (citation omitted). Notably, the class-action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) (citation omitted). In the present case, depending on the final number of class members and other costs, class members may recover less than $1,000 each. In light of these relatively small amounts of money, many claims likely could not be successfully asserted individually because, "[e]ven if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs." *See Hanlon*, 150 F.3d at 1023. Accordingly, a class action constitutes a superior method of adjudication.

For the foregoing reasons, Plaintiff has satisfied the requirements of Rule 23(b)(3). Accordingly, the Court **GRANTS** preliminary certification to the class for the purposes of the proposed settlement. The Court, however, may review this finding at the Final Approval Hearing.

**II. The Settlement**

Rule 23(e) requires the court to determine whether a proposed settlement is "'fundamentally fair, adequate, and reasonable.'" *Staton*, 327 F.3d at 959 (quoting *Hanlon*, 150 F.3d at 1026). To make this determination, the court must consider a number of factors, including: (1) the strength of plaintiff's case; (2) "'the risk, expense, complexity, and likely duration of further litigation;'" (3) "the risk of maintaining class action status throughout the trial;" (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See id.* (citations omitted). In addition, the settlement may not be the product of collusion among the negotiating parties. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1290 (9th Cir. 1992)).

Given that some of these factors cannot be fully assessed until the Court conducts the Final Approval Hearing, "'a full fairness analysis is unnecessary at this stage.'" *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008) (citation omitted). Rather, at the preliminary approval stage, the Court need only review the parties' proposed settlement to determine whether it is within the permissible "range of possible judicial approval" and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate. *See* 4 WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 11:25 (4th ed. 2002) (citations omitted); *see also Wright*, 259 F.R.D. at 472 (citation omitted); *Alberto*, 252 F.R.D. at 666 (citation omitted). Therefore, at this time, the Court need only determine whether the proposed settlement appears on its face to be fair.

Preliminary approval of a settlement and notice to the proposed class is appropriate: "[i]f [1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval...." *Vasquez v. Coast Valley Roofing, Inc.*, 2009 WL 3857428, at *7 (E.D. Cal. Nov. 17, 2009) (citing *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007).)

Here, the parties engaged in extensive, arm's length negotiations before settlement was achieved. (Coughlin Decl. ¶¶ 4, 28.) In addition, the parties participated in mediation in 2003 but were unable to resolve the matter at that time. (*Id.* ¶¶ 18, 27.) Plaintiff has sufficient information from investigation and from informal discovery to have a clear view of the strengths and weaknesses of the case and to support the settlement. (*Id.* ¶ 4.) The proposed settlement thus "appears to be the product of serious, informed, noncollusive negotiations."

The proposed settlement also has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval. The funds will be distributed to individual class members on a pro rata basis based on the individual's Workweeks and last effective pay rate during the Settlement Period. The proposed settlement provides for a service fee to be awarded to the named plaintiff,

but that fee does not appear facially unreasonable. The settlement terms and attorneys' fees are outlined in the Settlement Agreement and Release. (*See generally* Settl. Agr.) On its face, the settlement agreement appears to be thorough and fair.

For the foregoing reasons, the Court **FINDS** that the proposed settlement is "within the range of possible approval" such that it warrants preliminary approval. *See Vasquez*, 2009 WL 3857428, at *7. The Court hereby **GRANTS** preliminary approval of the proposed settlement. The Court, however, reserves judgment on the reasonableness of the attorneys' fees and the service fee for the Final Approval Hearing.

### III.  Class Counsel and Class Representative

Traditionally, the choice of counsel has been left to the parties, "whether they sue in their individual capacities or as class representatives." *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002) (citation omitted). In the present case, as already noted, Plaintiff's counsel has extensive experience in class actions and employment litigation. (*See* Coughlin Decl. ¶¶ 40-42.) Accordingly, because Plaintiff's counsel appears to be competent to represent the class, the Court **GRANTS** Plaintiff's motion to appoint Frank J. Coughlin and Earl R. Wallace as counsel. Pursuant and subject to the provisions and conditions of the Settlement Agreement, Frank J. Coughlin of Frank J. Coughlin, A Professional Law Corporation, 600 W. Santa Ana Blvd., Suite 202, Santa Ana, CA 92701, and Earl R. Wallace, of Ruzicka & Wallace, LLP, 16520 Bake Parkway, Suite 280, Irvine, CA 92618 are thus appointed as class counsel.

Further, pursuant and subject to the provisions and conditions of the Settlement Agreement, Scott Williams is deemed an adequate representative of the class members. In addition, on the request of the parties, the settlement distribution process will be administered by The Garden City Group, Inc. as claims administrator ("Claims Administrator"). (*See* Settl. Agr. at 5.)

### IV.  Notice to Class Members

The class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In

addition, the class notice must satisfy the content requirements of Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state in plain, easily understood language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

### A. Content of the notice

In the present case, the content of the proposed notice is adequate. It provides: (1) information on the nature of the case and the definition of the settlement class; (2) the terms and provisions of the proposed settlement; (3) the relief settlement class members will be entitled to, including a specific estimate of the amount to be paid to each eligible member; (4) the costs and fees to be paid out of the Gross Settlement Amount; (5) the procedures and deadlines for submitting objections and/or requests for exclusion; and (6) the date, time, and place of the Final Approval Hearing. (*See generally* [Proposed] Class Notice, Ex. B.)

### B. Method of notice

Here, the proposed method of notice is reasonable. Within 30 days after entry of this Order, the Claims Administrator will mail individual notices to the members of the settlement class via first-class regular U.S. mail. (Ex. A ¶ 3(i).) The Claims Administrator will mail notice to each class member at his or her last known postal address, after utilizing the National Change of Address database to update Costco's existing mailing list as to former employees. (Settl. Agr. at 9.) The Claims Administrator may also rely on mailing address information obtained through its administration of the settlement of the Randall Action. (*Id.*)

Settlement class members shall have thirty days from the date of mailing of the notice in which to postmark their notice of objection to either the settlement or the number of Workweeks or wage statement periods reflected in the class notice. (*Id.* at 9-10.) Likewise, any member wishing to be excluded from the proposed settlement must send a request for exclusion to the Claims Administrator no later than 30 calendar days after the date the notice was originally mailed. (*Id.*) If a class member wishes to participate in the settlement, he or she does not need to take any action. (*See* [Proposed] Class Notice, Ex. B.)

After review of the proposed notice and settlement agreement, the Court **FINDS** that the notice is adequate and sufficient to inform the class members of their rights. Accordingly, the Court **GRANTS** the Motion for Approval of the Notice.

## V.     Final Approval Hearing

Finally, the Court sets the Final Approval Hearing for Monday, **June 28, 2010 at 10:30 a.m.** Any class member may appear at the hearing, in person or through counsel of his or her choice, to show cause why the settlement of the claims as set forth in the Settlement Agreement should not be approved, why judgment dismissing the action with prejudice should not be entered, and/or why counsel for the plaintiffs should not be awarded all or part of the attorneys' fees and disbursements requested. Objectors must file a written statement of their objections with the Clerk of the Court, including any briefs or affidavits in support of the objection, no later than **June 7, 2010**, with copies delivered, mailed, or postmarked by the same date to:

>   Frank J. Coughlin              David D. Kadue
>   600 W. Santa Ana Blvd          Seyfarth Shaw LLP
>   Suite 202                      2029 Century Park East, Suite 3500
>   Santa Ana, CA 92701            Los Angeles, CA 90067
>   [Class Counsel]                [Defendant's Counsel]

No later than **June 14, 2010**, the parties shall file (1) a summary of any objections to the proposed settlement and (2) the Motion for Final Approval of the Settlement, as well as any motions for fees award and enhancement award. Any of the parties to the Settlement Agreement or their counsel may file responses to the objections at any time at or prior to the hearing.

*Conclusion*

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1)     Plaintiff's request for preliminary certification of the class for purposes of the proposed settlement is **GRANTED**. Settlement class member shall be defined as "a person Costco has employed from July 17, 1998 through May 26, 1999 in California as a department manager in any of the following ancillary businesses: Bakery, Deli, and Meat;"

(2)     Plaintiff's request for preliminary approval of the proposed settlement is **GRANTED**;

(3) Plaintiff's request to appoint Scott Williams as representative of the class members is **GRANTED**;

(4) Plaintiff's request to appoint The Garden City Group, Inc. as claims administrator is **GRANTED**.

(4) Plaintiff's request to appoint Frank J. Coughlin, A Professional Law Corporation, and Earl R. Wallace, of Ruzicka & Wallace, LLP, as class counsel is **GRANTED**;

(5) The form and manner of giving notice of the proposed settlement, the applications for attorneys' fees and disbursements, and the hearing on such matters to the class is **APPROVED**; and

(6) The Final Approval Hearing on the proposed settlement shall be held on Monday, June 28, 2010 at 10:30 a.m.

**IT IS SO ORDERED.**

DATED: March 4, 2010

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**