Frank J. Coughlin SBN 164851
**FRANK J. COUGHLIN**
A Professional Law Corporation
2677 N. Main Street, Suite 110
Santa Ana, CA  92705
(714) 558-7886 /FAX (714) 558-7612
frank.coughlin@fjclaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SCOTT WILLIAMS, and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**COSTCO WHOLESALE CORPORATION, a Washington corporation, dba COSTCO,**<br><br>Defendant. | CASE NO. 02 CV-2003 IEG (AJB)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND CLASS REPRESENTATIVE SERVICE PAYMENT**<br><br><u>Hearing</u><br>Date: June 28, 2010<br>Time: 10:00 a.m.<br>Courtroom: 1 |

# TABLE OF CONTENTS

I. Introduction ..................................................................................1

II. The Attorneys' Fees Requested Are Fair and Reasonable And Should Be Approved..................................................................................2

   A. The Agreement for the Payment of Fees and Expenses Is Appropriate and Should Be Enforced........................................................................4

   B. Fee Award Is Authorized By Statute And The Settlement Agreement 5

   C. Common Fund Analysis........................................................................7

III. The Class Representative Should Receive The Requested $5000 Service Payment ................................................................................11

IV. Conclusion ..................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975).....8

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) ........................................2, 8

*Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1029 (9th Cir. 2000) ............6

*Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 338, rehg. denied, 446 U.S. 947 (1980) ................................................................3

*Evans v. Jeff D.*, 475 U.S. 717, 734-35, 738, n.30 (1980)...............................5

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001), .6

*Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998) ..................................3

*Hanlon*, supra, 150 F.3d at 1029 ...................................................................9

*Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir.1996)*....................6

*Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir.1980) ..............................4

*Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) ...............................4

*Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). ......................................................................................................1

*The City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) .......................................................................................................9

*Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir.1994) ........................................................................................................................8

*Williams v. MCM-Pathe Communs. Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997)..................................................................................................2

*Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323 (9th Cir.1999) ..........4

**Statutes**

California Labor Code § 1194 .........................................................................5

Fed.R.Civ.P. 23................................................................................................4

iii

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES
Case No. 02CV2003 IEG (AJB)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

After years of litigation and appellate proceedings, the parties have successfully negotiated a settlement which establishes a total settlement amount of $440,000 to pay claims, attorneys' fees and costs, and the class representative service award.

Preliminary approval of the Settlement Agreement and Release was granted by this Court on March 4, 2010, and notice of the Settlement was mailed to the Class Members pursuant to Court order. Not one class member has objected to, or requested exclusion from, the settlement. The requested fee reflects the Ninth Circuit's benchmark of a settlement fund and is fair compensation for undertaking such complex, risky and time-consuming litigation on a contingent basis. See *Six Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990).

In this motion, Plaintiff seeks an award of attorneys' fees and costs equal to 25% of the total settlement amount of $440,000, which is $110,000. This is fair and reasonable. Because the lodestar alone is $290,500, awarding fees based on a percentage of the fund will benefit the class.

Since the benefit to the class is significant, and because the fee request is well within the range of reasonableness and fully supported by the

lodestar calculation, Plaintiff respectfully requests that the Court award the requested fees and costs in accordance with the Settlement Agreement. Plaintiff also respectfully requests that this Court approve payment of a class representative service award to Mr. Williams of $5000 for his service as a class representative.

Under settled Ninth Circuit precedent, the award of attorneys' fees in this case is properly based upon a percentage of the settlement. *Williams v. MCM-Pathe Communs. Co.,* 129 F.3d 1026, 1027 (9th Cir. 1997). And the attorneys' fee award is based, as a matter of law, upon a percentage of the entire settlement, and not just the amount claimed by class members. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980). However, in this case, it is irrelevant because here the entire fund will be claimed by the class -- this is an opt-out settlement with no reversion (except for uncashed checks), and no class members have opted out of the settlement.

Therefore, Plaintiff respectfully requests that the Court award fees and costs in the amount of 25% of the common fund and a service award of $5000 to the named Plaintiff.

**II.     The Attorneys' Fees Requested Are Fair and Reasonable And Should Be Approved**

In defining a reasonable fee, the Court should mimic the marketplace for cases involving significant contingent risk such as this one. Given the unique reliance of our legal system on private litigants to enforce substantive provisions of law in class actions, attorneys providing these substantial benefits should be paid an award equal to the amount negotiated in private bargaining that takes place in the legal market. *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper,* 445 U.S. 326, 338, *rehg. denied*, 446 U.S. 947 (1980). "When a fee is set by a court rather than by contract, the object is to set it at a level that will approximate what the market would set…The judge, in other words, is trying to mimic the market in legal services." *Gaskill v. Gordon,* 160 F.3d 361, 363 (7th Cir. 1998).

The attorney's fees in this case are contingent. Moreover, at the time the case was brought, the obtaining a successful result was far from certain. Costco's numerous defenses to the case created difficulties of proof and complex legal issues for Class Counsel to overcome. In addition, to represent the class here on a contingent fee basis, Class Counsel had to forego compensable hourly work on other cases to devote the time and resources to this contingent case. In so doing, Class Counsel gave up the hourly work that a firm can bank on for the risky contingent fee work in this

3

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES
Case No. 02CV2003 IEG (AJB)

case which could have resulted in no payment whatsoever to Class Counsel. *Powers v. Eichen,* 229 F.3d 1249, 1256 (9th Cir. 2000).

### A. The Agreement for the Payment of Fees and Expenses Is Appropriate and Should Be Enforced

Attorneys' fees provisions included in a proposed class action settlement agreement are, like every other aspect of such agreements, subject to the determination whether the settlement is "fundamentally fair, adequate, and reasonable." Fed.R.Civ.P. 23(e). There is no exception in Rule 23(e) for fees provisions contained in proposed class action settlement agreements. *Id.* A district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement. *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir.1980). The assumption in scrutinizing a class action settlement agreement must be, and has always been, that the members of the class retain an interest in assuring that the fees to be paid Class Counsel are not unreasonably high. *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323 (9th Cir.1999). In *Zucker*, for example, the Court stated that "[i]n a class action, whether the attorneys' fees come from a common fund or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper," *Zucker,* 192 F.3d at 1328.

The United States Supreme Court has ruled that the parties to a class action properly may negotiate not only the settlement of the action itself, but also that payment of attorneys' fees. *See Evans v. Jeff D.,* 475 U.S. 717, 734-35, 738, n.30 (1980).

### B. Fee Award Is Authorized By Statute And The Settlement Agreement

The California Labor Code § 1194 authorizes an award of attorney's fees in civil actions for the recovery of overtime compensation:

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Moreover, the Settlement Agreement acknowledges that counsel for Plaintiff will seek fees, but that the fee award will be subject to the Court's approval. Section VI (A) of the Settlement Agreement states "Class Counsel will request an award of attorneys' fees and costs to be paid out of the Gross Settlement Amount. The specific amount of the attorneys' fees and costs award shall be subject to Court approval, and that the Court's approval of any request for attorneys' fees is not a condition to this Agreement." (Section VI(A), Settlement Agreement.)

When a statute provides for such fees, it is termed a "fee-shifting" statute. Under a fee-shifting statute, the court "must calculate awards for attorneys' fees using the 'lodestar' method," *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001), which involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonably hourly rate," *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996) and, "if circumstances warrant, adjust[ing] the lodestar to account for other factors which are not subsumed within it," *Ferland,* 244 F.3d at 1149 n. 4; *see also Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1029 (9th Cir. 2000).

In this case, Class Counsel has spent a significant amount of time litigating this matter. To date, Frank J. Coughlin, Professional Law Corporation, has expended 384.3 hours of attorney time, excluding significant paralegal time, prosecuting this case. Declaration of Frank J. Coughlin ("Coughlin Decl."), ¶¶ 51-55. The firm anticipates at least another 15 hours in the next few months to bring the case to completion bringing the number of hours to approximately 400 hours. *Id.* The total amount of

attorney time expended by Frank J. Coughlin, Professional Law Corporation, is approximately $243,500.[1]  *Id.*

Moreover, the Law Office of Ruzicka & Wallace also performed work in this matter. Co-counsel, Earl Wallace spent 134 hours prosecuting this case. The total amount of attorney time expended by Ruzicka & Wallace is $46,900.[2]  *Id.*

The two firms have agreed to share the fees on a pro rata basis.

Accordingly, under a lodestar analysis, the amount expended by Class Counsel is in excess of $290,500, and far exceeds the requested amount of $110,000 for fees.  *Id.*

***C. Common Fund Analysis***

In this matter, there is an independent basis to award attorney's fees and costs. Attorneys who create a class recovery are entitled to be

---

[1] The calculation is based on the hours worked for each attorney multiplied by the hourly rate most recently approved in a class action, specifically the hourly rates recently approved by Judge West in the Tenet Healthcare IV cases in Los Angeles Superior Court.
    a. Frank Coughlin:  270 hours multiplied by a Court approved hourly rate of $650/hour = $175,500
    b. Beverly Blais:  81.10 hours multiplied by a Court-approved hourly rate of $600/hour = 48,660
    c. Caitlyn Hobbs:  33.80 hours multiplied by a Court-approved hourly rate of $450/hour = $15,210
    d. Leslie Patko:  14.00 hours multiplied by a Court-approved hourly rate of $300/hour = $4,200
Ms. Blais and Ms. Hobbs were previously law partners of the firm; Ms. Patko was previously an associate of the firm.

[2] Mr. Wallace's customary hourly rate is $350/hour. 134 hours multiplied by $350/hour is $46,900.00.

7
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
Case No. 02CV2003 IEG (AJB)

reimbursed from the common fund for their reasonable litigation expenses, including reasonable attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975). Under the "common fund" doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). This doctrine prevents unjust enrichment to those persons who obtain the benefit of a lawsuit who might otherwise not be required to contribute to the costs of obtaining a favorable result. Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit.

The procedures used to determine the amount of reasonable attorneys' fees differ concomitantly in cases involving a common fund from those in which attorneys' fees are sought under a fee-shifting statute. As in a statutory fee-shifting case, a district court in a common fund case can apply the lodestar method to determine the amount of attorneys' fees. In common fund cases, however, the court can apply a risk multiplier when using the lodestar approach. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1299 (9th Cir.1994) ( "WPPSS" ) ("[*The City of Burlington v. Dague*, 505

8

U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) ] rationale for barring risk multipliers in statutory fee cases does not operate to bar risk multipliers in common fund cases."). A "multiplier" is a number, such as 1.5 or 2, by which the base lodestar figure is multiplied in order to increase (or decrease) the award of attorneys' fees on the basis of such factors as the risk involved and the length of the proceedings. Here, no multiplier is required because the amount sought is far less (in fact, more than 50% less) than the lodestar in this case. Indeed, Plaintiff's counsel here is seeking a negative multiplier.

Alternatively, in a common fund case, the district court can determine the amount of attorneys' fees to be drawn from the fund by employing a "percentage" method. *See Hanlon*, *supra,* 150 F.3d at 1029 ("In 'common fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method."). As its name suggests, under the percentage method, "the court simply awards the attorneys a percentage of the fund ...." *Id.* This circuit "has established 25% of the common fund as a benchmark award for attorney fees." *Id.*

Courts typically apply a five-part test in calculating a reasonable percentage fee in common fund cases, including (1) the results achieved, (2) the risk of litigation, (3) the skill required and the quality of work, (4) the

9

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES
Case No. 02CV2003 IEG (AJB)

1  contingent nature of the fee and financial burden carried by plaintiffs, and

2  (5) awards made in similar cases. *In re Omnivision Technologies, Inc.,* ***

3  (N.D. Cal. 2007). Here, each of the five factors strongly support an award of

4  the fee requested in this case.

5  The result achieved in this case is substantial, and the $440,000

6  settlement provides significant monetary benefits to the class of 219

7  individuals in-line with those recovered in other misclassification class

8  actions. The settlement is particularly advantageous because the proceeds

9  will be distributed shortly as opposed to waiting additional periods of time

10 for a similar, or possibly less favorable, result. Furthermore, the absence of

11 a single objection or exclusion request demonstrates that the results achieved

12 as appropriate. (Coughlin Decl., ¶19.)

13 At the time this case was brought the result was far from certain

14 making the risk of litigation significant, *supra*. The risks of litigation are

15 increased by the amount of time that has elapsed since the filing of the case,

16 due to appeals and the stay of this action based on the Randall Action.

17 The complexity of the issues presented in this case, as well as the skill

18 displayed by Class Counsel, also warrants the fee request. Here, practice in

19 a narrow area of wage and hour class action litigation requires skill,

20

21

10

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES
Case No. 02CV2003 IEG (AJB)

knowledge and expertise is both employment litigation and class action litigation.

Finally, the contingent nature of the fee makes Class Counsel's fee request reasonable. Here, Class Counsel subjected themselves to the contingent fee market risk where the necessity and financial burden of private enforcement makes the requested reward appropriate. Indeed, if counsel is not adequately compensated for the risks inherent in difficult class actions, competent attorneys will be discouraged from prosecuting similar cases. Further, Class Counsel was required to advance all the costs of this litigation.

## III. The Class Representative Should Receive The Requested $5000 Service Payment

Plaintiff respectfully submits that for his service as class representative, named Plaintiff Scott Williams, should be awarded $5000. Costco has agreed not to oppose such the payment as part of the settlement.

Plaintiff performed his duties to the class without exception. He provided valuable information from his employment at Costco, and put counsel in touch with witnesses in an effort to gather evidence. Plaintiff's efforts in bringing this lawsuit has conferred a substantial benefit on the 219 class members and there has been no objection to the service payment by

any member of the class. Indeed, without Mr. Williams willingness to bring the lawsuit, and his cooperation with counsel in providing information, no other fellow employees would be receiving any benefit. (Coughlin Decl., ¶57.)

## IV. Conclusion

Class counsel's representation has been wholly contingent, has lasted almost 8 years, and is well within the range of reasonableness for fee requests approved by federal courts and California courts. Class counsel, therefore, requests approval of the application for award of attorneys' fees and costs equal to 25% of the value of the settlement, or $110,000. In addition Plaintiff's request for a service payment of $5000 is within the acceptable and customary range of service payments and should be awarded.

Dated: June 14, 2010

FRANK J. COUGHLIN
A Professional Law Corporation


By: s/ Frank J. Coughlin
Frank J. Coughlin
Attorney for Plaintiff